UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Lawshe, #269286, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>Lee Correctional Institution; Warden Padula; )<br>Associate Warden Bell; )<br>Bruce Oberman; Lt. NFN Jenkins; Sgt. NFN Price; )<br>Cpt. NFN Cribb; Lt. NFN Goodman; )<br>Sgt. NFN Anderson; Tiffany Cooper; )<br>Cpl. NFN Gerbode; CO NFN Shepard; )<br>CO NFN Lawrence, )<br>)<br>      Defendants. )<br>_____ ) | C/A No. 8:08-984-GRA-BHH<br><br>Report and Recommendation |

## INTRODUCTION

The plaintiff, Kenneth Lawshe, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The complaint names SCDC employees as defendants.[2] Plaintiff claims that from January 29, 2008, until February 27, 2008, his Eighth Amendment constitutional right was violated when, for various time periods, during freezing temperatures he was forced to sleep on a concrete floor with no mattress, no sheets, no blanket, no personal hygiene items, and with only a paper gown for several days. Plaintiff alleges that for approximately thirteen (13) days he was "basically tortured with cold to make

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

me go to the yard."[3]  Plaintiff seeks monetary damages for pain and suffering, as well as certain injunctive relief.  The complaint should be dismissed without prejudice for failure to comply with court orders and failure to exhaust administrative remedies.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  Moreover, the complaint is subject to review pursuant to the procedural provisions of 28 U.S.C. § 1915A and the inherent authority of this Court.[4]  *See Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider).  *Cf. Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning

---

[3] These circumstances allegedly occurred after plaintiff was placed in crisis intervention for one day; he alleges that he should have been taken out of crisis intervention on January 29, 2008, and given his belongings.

[4] 28 U.S.C. § 1915 pre-screening does *not* apply because the plaintiff did not seek to proceed *in forma pauperis*.  *See Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order).  In fact, as discussed in this report, the plaintiff did not submit a Form AO-240 even though the Clerk of Court mailed him blank AO-240 forms on three occasions.

in *dicta* that "[s]tatutory provision may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious" action, but there is little doubt they would have power to do so even in the absence of this statutory provision.");

*Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

I. <u>Failure to Comply with Court Orders</u>

By Order filed April 1, 2008 (docket entry # 4), this Court required that the plaintiff provide documents to bring the case into proper form, and the Clerk of Court mailed the blank forms to plaintiff. The said Order explained to the plaintiff that his failure to provide the necessary documents may subject his case to dismissal without prejudice. The plaintiff provided many of the requested documents but did not submit a Form AO-240,[5] Financial Certificate, or pay the $350.00 filing fee. On June 2, 2008, the court entered a second proper form Order (docket entry # 13) to require the plaintiff to submit a Form AO-240 and Financial Certificate; the order advised the plaintiff that for the case to proceed the requested documents were needed within twenty (20) days. The Clerk of Court mailed the plaintiff the blank forms. The plaintiff did not submit a Form AO-240 or Financial Certificate.

The plaintiff has mailed several letters to the court to explain that he authorized the $350 filing fee be deducted from his account, and he avers that it was deducted, but that the Lee Correctional Institution mail room is holding up his check. Plaintiff explains that Lee Correctional Institution staff will not forward his check to the court because they need him to complete paperwork or they need his court papers.[6] (Docket entries # 10, 11, 14, 16).

This court entered a third proper form Order on July 15, 2008 (docket entry # 20), again directing the plaintiff to submit a completed Form AO-240 within twenty (20) days.[7] The

---

[5] A "Form AO-240" is entitled "application and affidavit to proceed without prepayment of fees and costs," and it is construed by the court as a motion to proceed *in forma pauperis*.

[6] The Clerk of Court telephoned SCDC several times in an attempt to speak with someone to determine why the $350 filing fee has not been mailed; however, the clerk was not able to clarify the issue.

[7] Due to the plaintiff's concern that SCDC may debit his account a second time for the $350 filing fee (assuming SCDC did already debit his account for $350), in the third proper form Order the court requested only the Form AO-240. The court did not request the Financial Certificate which does authorize SCDC to collect the full filing fee from an inmate.

4

Clerk of Court mailed the plaintiff a blank Form AO-240.  This Order explained to the plaintiff that his failure to provide the necessary document may subject his case to dismissal without prejudice.  The plaintiff did not respond to the court's July 15, 2008, Order.  To date, this court has not received the $350 filing fee nor a Form AO-240 seeking to proceed *in forma pauperis*.

While the court realizes that it may be difficult for the plaintiff to insist that the Lee Correctional Institution mail room staff take action to mail the filing fee check, it is the plaintiff's responsibility to complete the necessary prison paperwork and to follow the orders of this court.  This court has given the plaintiff several opportunities to submit a Form AO-240 so that this case could proceed forward even without the mail room staff taking any action.  The plaintiff has failed to submit the necessary document.  Accordingly, this action should be dismissed without prejudice for failure to prosecute and to comply with an order of this court.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

II. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In his complaint, the plaintiff stated that he filed a grievance on February 7, 2008, and on February 11, 2008, and that he received a final agency response on February 15, 2008.  (Docket entry # 1, part 2 at p.3).  The plaintiff further stated that as a result of his grievances, on February 27, 2008, he was given "2 sheets, 2 socks (pair) and legal material only."

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or

5

particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).  Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate.  See *Jones v. Bock*, 127 S.Ct. 910 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*In forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation.").

An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court.  This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored.  Specifically, the SCDC policy time limits are summarized as follows:

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing

>within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

*See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal. See* Section 13.6 of SCDC Policy issued 1-1-2006 (emphasis added). Accordingly, when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). Presumably this is because within the SCDC the Step 1 grievance automatically proceeds to the next level of appeal where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary). After approximately 114 days have passed, he will have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a). *E.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

In this case, it is clearly apparent from the face of the complaint that the plaintiff did not file a Step 2 appeal.[8]  Under the time guidelines set forth above, that would have been impossible.  Plaintiff alleges that he received a final agency decision on his grievances within eight (8) days after he submitted the first grievance and within four (4) days after he submitted the second grievance.  As indicated above, after the Warden responds to a Step 1 grievance, if the inmate files a Step 2 appeal, which he is required to do for exhaustion purposes, the responsible official has sixty (60) days to respond.  Mathematically, the final agency decision referenced by the plaintiff in his complaint could not have been an SCDC response to a Step 2 appeal.  This case is a rare circumstance where based on the face of the complaint the action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

                                                                                                  _Bruce H. Hendricks_
                                                                                                  BRUCE H. HENDRICKS
                                                                                                  UNITED STATES MAGISTRATE JUDGE

August 14, 2008
Greenville, South Carolina

---

[8] The plaintiff also may not have submitted a formal Step 1 grievance.  However, this court will assume that he did for purposes of this initial review of the case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).