UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Kenneth Lawshe, #269286, | ) | C/A No.:8:08-0984-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Lee Correctional Institution; | ) | |
| Warden Padula; | ) | |
| Associate Warden Bell; | ) | |
| Bruce Oberman; | ) | |
| Lt. NFN Jenkins; | ) | |
| Sgt. NFN Price; | ) | |
| Cpt. NFN Cribb; | ) | |
| Lt. NFN Goodman; | ) | |
| Sgt. NFN Anderson; | ) | |
| Tiffany Cooper; | ) | |
| Cpl. NFN Gerbode; | ) | |
| CO NFN Shepard; and | ) | |
| CO NFN Lawrence, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on August 14, 2008 and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action on or about March 27, 2007, pursuant to 42 U.S.C. § 1983. The magistrate recommends dismissing this complaint without prejudice and without service.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### Objections

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed two objections to the Report and Recommendation on August 22, 2008.

   a. **Failure to Comply with Court Orders**

The magistrate issued three Form Orders dated April 1, 2008, June 2, 2008, and July 15, 2008, directing the plaintiff to either pay the filing fee, or, file a Form AO-240 and proceed *in forma pauperis* within 20 days. The plaintiff argues that his noncompliance with the Form Orders should be excused because his tardiness in rendering payment was caused by the Lee Correctional Institute mail room staff. Apparently, the Lee Correctional Institute mail room staff refused to release the plaintiff's money without his "court papers," and the plaintiff, seeking to protect his confidentiality, refused to produce such papers. On August 19, 2008, in the plaintiff's response to the magistrate's Report and Recommendation, the plaintiff finally filed Form AO-240. This filing exceed the 20 days allotted by the magistrate in her July 15, 2008 Order. Accordingly, this matter may be properly dismissed for a failure to prosecute, and failure to follow a court order.

   b. **Failure to Exhaust Remedies**

The Plaintiff additionally objects to the Magistrate's contention that the case

should be dismissed for a failure to exhaust administrative remedies.  The plaintiff asserts, that the grievance coordinator's refusal to process his claims equated to a final agency determination.  The plaintiff supports this position by arguing that he was unable to appeal because the grievance coordinator had exclusive control over the Step 2 Appeals Forms and produced them only after the warden rendered his decision.  The plaintiff asserts that because his complaint "never made it to the warden" he was unable to ever get a Step 2 Appeals Form.  These arguments fail for two reasons.

First, the plaintiff did not attempt to appeal the decision of the grievance counselor despite the opportunity to do so. Each of the South Carolina Department of Corrections Grievance Forms submitted by the plaintiff as exhibits to his complaint provided the plaintiff with the option to appeal the decision of the grievance counselor.  However, in each of these instances, the plaintiff marked the box stating "I accept the action taken by the IGC, and consider the matter closed."  The plaintiff signed next to each of these boxes.  Accordingly, the plaintiff's argument that he was not given the opportunity to appeal is completely meritless.

Second, the plaintiff failed to follow the required administrative procedures imposed by the prison system.  The Fourth Circuit holds that "a prisoner does not exhaust all available remedies simply by failing to follow the required  steps so that remedies that once were available to him no longer are." *Moore v. Bennet*, 517 F.3d 717, 725 (4th Cir. 2006).   Accordingly, in order to bring suit in federal court "a prisoner must have utilized all available remedies 'in accordance with the applicable

procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006)).  Each of the prisoner's grievance's bore a substantial procedural defect and was properly rejected by the grievance counselor.  Thus, the plaintiff's continued noncompliance with the administrative grievance procedure does not alleviate or alter his burden of exhausting all administrative remedies.

### **Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the Report and Recommendation in its entirety.

Accordingly, it is ORDERED that the District Court dismiss the complaint in the above-captioned case *without prejudice* and *without issuance* and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September  12  , 2008

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**